UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>AARON PAPAZIAN, and others,<br><br>Defendants. | Case No. 23-cv-06715-NC<br><br>**ORDER TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**<br><br>Re: ECF 1 |

The matter before the Court is an unlawful detainer action, wherein Plaintiff U.S. Bank National Association ("US Bank") alleged in state court that Defendants Jerry Taylor, Sara Taylor and Aaron Papazian failed to vacate a property in Salinas, California. ECF 1, Ex. A ¶ 1. The action was filed in Monterey County Superior Court.[1] Papazian filed a Notice of Removal ("Notice") on December 29, 2023. ECF 1. A review of Papazian's Notice reveals several defects in his removal papers. Accordingly, the Court ORDERS Papazian to address the following issues in writing.

I. **LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the district court

---

[1] Papazian states in the Notice of Removal that US Bank's action was commenced in the County of San Mateo. ECF 1 ¶ 1. Papazian must also address this issue in his written response.

1   where the action is pending.  28 U.S.C. § 1441.  The removal statute is strictly construed

2   against removal jurisdiction, and defendant bears the burden of establishing that removal is

3   proper.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th

4   Cir. 2009).  Any doubt as to the court's jurisdiction in a removal case will be resolved in

5   favor of remand to state court.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th

6   Cir. 2009).  If at any time before final judgment it appears that the district court lacks

7   subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).

## II. DISCUSSION

The Court raises three issues Papazian must address in his written response.

### A. Federal Question Jurisdiction

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).  This rule restricts the defendant to the four corners of the plaintiff's statement of its claim and prevents removal even in the face of anticipated federal defenses.  *Id.*

Here, US Bank's complaint is a single-action unlawful detainer claim.  *See* ECF 1, Ex. A.  "A cause of action for unlawful detainer under California law . . . does not arise under federal law."  *JP Morgan Chase Bank, Nat. Ass'n v. Chavez*, No. 12-cv-00941 JW, 2012 WL 1142538, at *1 (N.D. Cal. Apr. 2, 2012).  Papazian's only justification for federal jurisdiction is US Bank's alleged reference to the Protecting Tenants at Foreclosure Act of 2009.  ECF 1 ¶ 7.  However, US Bank makes no reference to this statute in its complaint nor does Papazian provide any citation as to where it appears.  Papazian further alleges this statute is applicable because US Bank purportedly violated the ninety-day notice period.  *Id.*  However, as noted above, the Court cannot base its jurisdiction upon anticipated federal defenses.  Thus, Papazian must provide a clear statement as to why this Court has jurisdiction.

### B.  Unanimous Consent of All Defendants

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Here, Papazian's Notice is unclear as to whether he has the full consent of his co-defendants.  On one hand, Papazian only refers to a singular defendant at several points in the Notice.  *See* ECF 1 ¶¶ 1, 2.  On the other hand, the Notice states "[b]y his/her signature on this Notice, all Defendants who have been read and acknowledge content and concur to this removal."  *Id.* ¶ 6.  However, the Notice only contains Papazian's name and signature.  Accordingly, Papazian must explain whether each of the Defendants to this action have consented to the removal.

### C.  Timing of the Notice of Removal

A defendant seeking to remove from state to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading.  28 U.S.C. § 1446(b).  Papazian only alleges the "Notice of Removal is timely filed."  ECF 1 ¶ 8.  There is no further information to support this claim.  To the contrary, the papers suggest the deadline may have lapsed.  US Bank's first amended complaint was filed August 24, 2023.  *Id.*, Ex. A.  Furthermore, Papazian's answer to the first amended complaint was served on November 17, 2023.  *Id.*, Ex. B.  Papazian's Notice was filed on December 29, 2023.  Thus, Papazian must state how the Notice is timely with respect to the foregoing dates.

## III.  CONCLUSION

Based on the above, Papazian must address the above issues in writing by January 26, 2024.  However, the Court cautions that if the matter necessitates remanding the case to state court, Papazian may be required to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

Lastly, the Court informs Papazian that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases.  The Federal Pro Se Program is available by phone appointment at

1  (408) 297-1480.  There are also online resources available on the Court's webpage.  The

2  Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/ has a

3  downloadable version of the Court's publication: *Representing Yourself in Federal Court:*

4  *A Handbook for Pro Se Litigants*.

5  **IT IS SO ORDERED.**

7  Dated:  January 5, 2024            _____
                                        NATHANAEL M. COUSINS
8                                       United States Magistrate Judge